# ORIGINAL

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

*FILED IN OPEN COURT
U.S.D.C. Atlanta*

*JUL 28 2010*

*By JAMES N. HATTEN, Clerk*

*[signature] Goldrick Deputy Clerk*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

### CRIMINAL NO. 1:10-CR-320-JEC

The United States Attorney for the Northern District of Georgia and Defendant

MATTHEW EVERETT GOULD, enter into this plea agreement as set forth below in

Part IV pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

MATTHEW EVERETT GOULD, Defendant, having received a copy of the above-

numbered Information and waiving indictment and arraignment as evidence by his

signature below, hereby pleads GUILTY to the Information.

## I. ADMISSION OF GUILT

The Defendant admits that he is pleading guilty because he is in fact guilty of

the crime  charged in the Information.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

The Defendant understands that by pleading guilty, he is giving up the right to

plead not guilty and the right to be tried by a jury.  At a trial, the Defendant would

have the right to an attorney, and if the Defendant could not afford an attorney, the

Court would appoint one to represent the Defendant at trial and at every stage of the

proceedings.  During the trial, the Defendant would be presumed innocent and the

Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving

2

up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

## III. ACKNOWLEDGMENT OF PENALTIES

The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

As to the sole charge in the Information

(a)     Maximum term of imprisonment: 40 years.

(b)     Mandatory minimum term of imprisonment: 5 years.

(c)     Term of supervised release: 4 year(s) to Life.

(d)     Maximum fine:  $2,000,000.00, due and payable immediately.

(e)     Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct: none known.

(f)     Mandatory special assessment:  $100.00, due and payable immediately.

(g)     Forfeiture of any and all proceeds from the commission of the offense and any and all property used or intended to be used to facilitate the offense.

The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the

discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict his exact sentence at this time.

## IV.  PLEA AGREEMENT

The Defendant, his counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

The Government agrees that, upon the entry of the Judgment and Commitment Order, any and all counts in United States v. Kam, et. al, 1:10-CR-194-JEC-LTW still pending against Defendant shall be dismissed as to him pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

### No Additional Charges

4

The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

### Factual Basis

The parties agree that if this case went to trial, the Government would prove by admissible evidence and beyond reasonable doubt the following facts:

1.    At least 2005 until on or about December 6, 2009, the Defendant partnered with Bradley Loren Kam and entered into an agreement to acquire marijuana and distribute that drug to others. The total amount of marijuana that was forseeable to the Defendant during this period was at least 1375 pounds, or 623.69 kilograms.

2.    In furtherance of that conspiracy, in October of 2008, the Defendant departed from the Northern District of Georgia with $259,894.00 in cash. Those funds were proceeds generated by marijuana sales in which the Defendant was involved that occurred in the Northern District of Georgia. The Defendant knew that the purpose of the trip was to use the drug proceeds to pay a marijuana supplier.

### Sentencing Guidelines Recommendations

**Base/Adjusted Offense Level Recommendations**

Based upon the evidence currently known to the Government, the Government will recommend the following applications of the Sentencing Guidelines:

(a)   The applicable offense guideline is Section 2D1.1.

(b)   The criminal activity undertaken by the Defendant and others acting in concert with him involved more than 100 kilograms of marijuana, all of which was reasonably foreseeable to the Defendant.

Defendant and the Government reserve the right to argue that additional specific offense characteristics and adjustments are appropriate.

**Acceptance of Responsibility**

The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher.   However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility.   Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements

6

about Defendant's involvement, fail to pay the special assessment, fail to meet any of

the obligations set forth in the Financial Cooperation Provisions set forth below, fail

to disclose an asset subject to forfeiture, or participate in additional criminal conduct,

including unlawful personal use of a controlled substance, the Government will not

be required to recommend acceptance of responsibility.

## Right to Answer Questions, Correct Misstatements, and Make
## Recommendations

The Government reserves the right to inform the Court and the Probation Office

of all facts and circumstances regarding the Defendant and this case, and to respond

to any questions from the Court and the Probation Office and to any misstatements of

fact or law.   Except as expressly stated elsewhere in this Plea Agreement, the

Government also reserves the right to make recommendations regarding application

of the Sentencing Guidelines.

## Right to Modify Recommendations

With regard to the Government's recommendation as to any specific application

of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the

Defendant understands and agrees that, should the Government obtain or receive

additional evidence concerning the facts underlying any such recommendation, the

Government will bring that evidence to the attention of the Court and the Probation

Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

**Cooperation**

**General Requirements**

The Defendant agrees to cooperate truthfully and completely with the Government, including being debriefed and providing truthful testimony at any proceeding resulting from or related to the Defendant's cooperation. Defendant agrees to so cooperate in any investigation or proceeding as requested by the Government. Defendant agrees that Defendant's cooperation shall include, but not be limited to:

(a)    producing all records, whether written, recorded, electronic, or machine readable, in his actual or constructive possession, custody, or control, of evidentiary value or requested by attorneys and agents of the Government;

(b)    making himself available for interviews, not at the expense of the Government if he is on bond, upon the request of attorneys and agents of the Government;

8

(c)     responding fully and truthfully to all inquiries of the Government in connection with any investigation or proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503) and related offenses;

(d)     when called upon to do so by the Government in connection with any investigation or proceeding, testifying in grand jury, trial, and other judicial proceedings, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), obstruction of justice (18 U.S.C. § 1503), and related offenses.

The Defendant understands that the Government alone will determine what forms of cooperation to request from the Defendant, and the Defendant agrees that Defendant will not engage in any investigation that is not specifically authorized by the Government.

**Consent to Contact**

The Defendant and Defendant's counsel agree that Government attorneys and law enforcement agents may contact the Defendant without notifying and outside the presence of Defendant's counsel for purposes relevant to the Defendant's cooperation.

## Section 1B1.8 Protection

Pursuant to Section 1B1.8 of the Sentencing Guidelines, the Government agrees that any self-incriminating information that was previously unknown to the Government and is provided to the Government by the Defendant in connection with Defendant's cooperation and as a result of this Plea Agreement will not be used in determining the applicable sentencing guideline confinement range, although such information may be disclosed to the Probation Office and the Court. The Government also agrees not to bring additional charges against the Defendant, with the exception of charges resulting from or related to violent criminal activity, based on any information provided by the Defendant in connection with cooperation that was not known to the Government prior to the cooperation. However, if the Government determines that the Defendant has not been completely truthful and candid in his cooperation with the Government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and any other appropriate charge, and all

information Defendant has provided may be used against Defendant in such a prosecution.

**Financial Disclosure/Disclosure of Assets**

The Defendant agrees to cooperate fully in the investigation to recover forfeitable assets, including making a full accounting of all assets and other real and personal property in which Defendant has any legal or equitable interest valued at $1,000 or more during the period when the charged offenses occurred.   The Defendant further acknolwedges and agrees that Government shall use the Defendant's statements to identify and to execute upon forfeitable assets, and he agrees to testify truthfully and completely in any forfeiture-related proceeding. To the extent that third parties hold title to forfeitable assets for the Defendant's benefit, the Defendant agrees to direct those third parties to transfer title to the United States. The Defendant further agrees not to sell, hide, waste, encumber, destroy, or otherwise devalue any forfeitable asset, either himself or through a third party,  before sentencing without the prior approval of the Government. The Defendant understands and agrees that a failure to cooperate with forfeiture is a failure to substantially assist that weighs heavily against any decision to file a motion pursuant to Section 5K1.1 of the Guidelines or Rule 35 of the Federal Rules of Civil Procedure.  Furthermore, failure to disclose forfeitable

11

assets can result in the Defendant receiving no credit for acceptance of responsibility, and affirmatively hiding assets can result in an obstruction enhancement.

**Back Taxes**

In addition, the Defendant's acceptance of responsibility shall include filing of lawful amended or original income tax returns for the years 2005-2009 before the date set for sentencing in this case, and full cooperation with the Examination Division, Internal Revenue Service, in making a complete and accurate determination of all taxes, penalties, and interest that Defendant owes. The Defendant agrees to provide the Government with a copy of such tax returns at the time they are filed. The Defendant understands and agrees that failure to comply with this provision of the Plea Agreement should result in receiving no credit for acceptance of responsibility. The Defendant also understands and agrees that the Internal Revenue Service will not be bound by the tax loss calculations referenced in this Plea Agreement or otherwise determined by the Court at sentencing. Nothing in this Plea Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest, and penalties from the Defendant.

12

**Conditional Section 5K/Rule 35 Motion**

The Government agrees to make the extent of the Defendant's cooperation known to the sentencing court. In addition, if the cooperation is completed before sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines, the Government will file a motion at sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed after sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, the Government will file a motion for reduction of sentence. In either case, the Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the Government. Good faith efforts by the Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. The Defendant also understands that, should the Government decide to file a motion pursuant to this paragraph, the Government may recommend any specific sentence, and the final decision as to what credit, if any, the Defendant should receive for Defendant's cooperation will be determined by the Court. If the Defendant fails

13

to cooperate truthfully and completely, or if the Defendant engages in additional criminal conduct or other conduct inconsistent with cooperation, Defendant will not be entitled to any consideration whatsoever pursuant to this paragraph.

**Sentencing Recommendations**

**Forfeiture**

The Defendant agrees to immediately forfeit to the United States all proceeds obtained, directly or indirectly as a result of the offense set forth in the Information and all properties used and intended to be used to facilitate the commission of that offense pursuant to 21 United States Code, Sections 853(a) and 881(a). The Defendant further agrees to take all steps requested by the United States to facilitate transfer of title to the forfeitable assets, including but not limited to delivering any title certificates to a person designated by the Government, endorsing any title certificates as requested by the Government to transfer title, and causing others to endorse those certificates as requested by the Government to transfer title should third parties hold nominal title to a forfeitable asset on the Defendant's behalf. Additionally, the defendant voluntarily waives and abandons his interest in all property of any kind seized or forfeited in connection with this case and all such property seized and forfeited, either civilly or criminally. The Defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the

14

seizure or disposal of such property. The Defendant acknowledges that the United States will dispose of such property and that procedures governing such disposal are for the benefit of the United States and do not confer any rights whatsoever upon him. The Defendant further agrees to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, habeas corpus, or any other means) to any disposal of such property carried out in accordance with this Plea Agreement on any grounds.

<h2 align="center">Financial Cooperation Provisions</h2>

**Special Assessment**

The Defendant agrees that, within 30 days of the guilty plea, he will pay a special assessment in the amount of $100.00 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney within 30 days of the guilty plea.

**Fine/Restitution - Terms of Payment**

The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall

be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the Government deems appropriate. Finally, the Defendant and his counsel agree that Government officials may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

<h2 align="center">Recommendations/Stipulations Non-binding</h2>

The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure

to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

## Limited Waiver of Appeal

LIMITED WAIVER OF APPEAL:    To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.    The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

### FOIA/Privacy Act Waiver

The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case,

17

including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

**DNA Waiver**

The parties agree that no biological evidence (as defined in Title 18, United States Code, Section 3600A) has been identified in this case; therefore, the Defendant understands and agrees that no evidence will be preserved for DNA testing.

## No Other Agreements

There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this 28 day of July, 2010.

SIGNATURE (Attorney for Defendant)
SETH KIRSHENBAUM

SIGNATURE (Assistant U.S. Attorney)
JENNY R. TURNER

SIGNATURE (Approving Official)
WILLIAM H. THOMAS/G. SCOTT HULSEY

7/28/10
DATE

SIGNATURE (Defendant)
MATTHEW EVERETT GOULD

I have read the Information against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my

19

conviction and sentence, and I understand that the appeal waiver contained in the Plea

Agreement will prevent me, with the narrow exceptions stated, from appealing my

conviction and sentence or challenging my conviction and sentence in any post-

conviction proceeding.   No one has threatened or forced me to plead guilty, and no

promises or inducements have been made to me other than those discussed in the Plea

Agreement.   The discussions between my attorney and the Government toward

reaching a negotiated plea in this case took place with my permission.   I am fully

satisfied with the representation provided to me by my attorney in this case.

_____          _____7/28/10_____
SIGNATURE (Defendant)                     DATE

I am MATTHEW EVERETT GOULD's lawyer.   I have carefully reviewed the

charges and the Plea Agreement with my client.   To my knowledge, my client is

making an informed and voluntary decision to plead guilty and to enter into the Plea

Agreement.

_____          _____7/28/10_____
SIGNATURE (Defense Attorney)              DATE

20

INFORMATION BELOW MUST BE TYPED OR PRINTED

SETH KIRSHENBAUM
NAME (Attorney for Defendant)

918 Ponce De Leon Avenue, N.E.
STREET

Atlanta, GA 30306-4212
CITY & STATE   ZIP CODE

PHONE NUMBER 404-688-2000

STATE BAR OF GEORGIA NUMBER _Y24025_

Filed in Open Court

MATTHEW EVERETT GOULD
NAME (Defendant)

_3034 Mission Ridge Court_
STREET

_Vinings, GA   30339_
CITY & STATE     ZIP CODE

PHONE NUMBER _404-431-3001_

By _JBMcGoldrick 7/28/10_

21

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIMINAL ACTION NO.: | 1:10-CR-320-JEC |
| DEFENDANT'S NAME: | MATTHEW EVERETT GOULD |
| PAY THIS AMOUNT: | $100.00 |

INSTRUCTIONS:

1.   PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

CLERK OF COURT, U.S. DISTRICT COURT

**\*PERSONAL CHECKS WILL NOT BE ACCEPTED\***

2.   PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA

3.   PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

Clerk, U.S. District Court
2211 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, Georgia  30303

(Do not Send Cash)

4.   INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER**

5.   ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6.   PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA

22